# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

**FILED**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

**MAR 08 2021**

JEFFREY P. COLWELL
CLERK

Civil Action No. _2I-cv-00412-GPG_
(To be supplied by the court)

_John R. YellowBoy_ , Applicant,

v.

_Kristen Hilkey, chairperson, etal,_
_Colorado Board of parole,_ , Respondent.
(Name of warden, superintendent, jailer, or other custodian)

(*Note: If you are attacking the validity of a state conviction or sentence and not the execution of your sentence, you must file an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. If you are attacking the validity of a judgment entered in a federal court, you must file a motion pursuant to 28 U.S.C. § 2255 in the federal court that entered the judgment.*)

---

## APPLICATION FOR A WRIT OF HABEAS CORPUS
## PURSUANT TO 28 U.S.C. § 2241

---

| NOTICE |
|---|
| Federal Rule of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should not contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include only: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. |

**A.   APPLICANT INFORMATION**

*You must notify the court of any changes to your address where case-related papers may be served by filing a notice of change of address. Failure to keep a current address on file with the court may result in dismissal of your case.*

_John R. YellowBoy #62338,_
(Applicant's name, prisoner identification number, and complete mailing address)

_p.a. Box #999,_
_cañon city, colo. 81215,_

*Indicate whether you are a prisoner or other confined person as follows: (check one)*

___ Pretrial detainee
___ Civilly committed detainee
___ Immigration detainee
_X_ Convicted and sentenced state prisoner
___ Convicted and sentenced federal prisoner
___ Other: (*Please explain*) _____

**B.    RESPONDENT INFORMATION,** *1) Kristen Hilkey, Chairperson*
*Colorado Board of parole,*
*1600 21, 24th Street-Building-54, Pueblo, Colo. 81003,*
(Respondent's name and complete mailing address)

_____

**C.    STATEMENT OF CLAIMS**
*State clearly and concisely every claim you are asserting in this action.  For each claim, specify
the right that allegedly has been violated and all facts that support your claim.  If additional
space is needed to describe any claim or to assert additional claims, use extra paper to continue
that claim or to assert the additional claim(s).  Please indicate that additional paper is attached
and label the additional pages regarding the statement of claims as "C. STATEMENT OF
CLAIMS."*

CLAIM ONE: *denial of Liberty Interest under the constitutional Rights*
*Due-process;*
Supporting facts:
Applicant, states that Respondent(s), etal, showed a direct Abuse of
discretion, when they held two "Pre-determined," hearings, W;
Rescission-hearing, see, Wolff v. McDonnell, 418 US 539 (1974);
~~aaaaaa~~ hearing, CD-#803-1770, the Standard's of Wolff v.
McDonnell, as Well as the State and Federal constitution(s),
allow's the Applicant, to know What the charge(s) are
that he is Faceing, the record and evidence, Will show
and prove, that the Applicant Was (denied) the

2

(1),

(c. Statement of claim's);

right to call any Witnesses, that could corroborate any testimony and/or defens, but "No". Justification was given for this denial, see, pannell v. McBride, 306 F. 3d 449, 503 (7th cir. 2002); Once the Rescission Board, "Omitted", the reason Why parole Board Administer, Jennifer Wagoner, filed the request for suspension of parole Decision, AR-550-08(B)."Extremely unfavorable confidential Information", date, 3-30-18, this hearing became a (Pre-determined) conclusion, rather than Actual-evidence, see, caswell v. calderon, 363 f. 3d 832, 839 (9th cir 2004); McQuillion v. Duncan, 306 f. 3d 895, 906 (9th cir, 2002), Applicant states that if the Board was going to use, this "confidential-Information", and (Not) make it public and/or, Accessible to the Applicant, than the Applicant ask "Why". didn't the fremont county court, case #2019 CV 136, and/or, the colorado supreme court,

(2),

(c. statement of claim's);

case #2020SA203, set this (civil-case) for a hearing as required by Law, see; colorado Rules of civil procedure, 13-45-102 and 13-45-103,(1), (hearing-Relief) also, see, Johnson v. Black, 137 colo. 119, 322 p. 2d 99 (1958); minor v, tinsley, 154 colo. 249, 389 p. 2d 850 (1964); people, ex rel, metzger v. district court, 121 colo, 141, 215 p, 2d 327 (1949).

the confidential Record is (subject-to-subpoena and court Inspection) the Applicant did make out a (Prima-Facic) case of Abuse of discretion or caprice) see, 105 N.E. 2d 454, 458, 185 N.E. 2d 115, 124. also; martinez v. Patterson, 428 F. 2d 844 (10th cir, 1970). Applicant state's that in all fundamental, fairness, if the Board "wasn't," going to discuss, this confidential-Information, at these hearing(s), they should have appointed counsel, and/or, allowed Applicant to confront or cross-examin witnesses, see, Gagnon v. Scarpelli, 411 U.s, 778, 790 (1973); morrissey v. Brewer, 408 u.s, 471, 489 (1972);

(c. Statement of claim's).

"the Board after reviewing the complaint makes (specific) finding's in writing that the issues to be resolved are complex and that the parolee, requires the assistance of counsel, see; c.R.S. §17-2-201, (13)(a)(IV)," (claim-two);

⊛, Applicant state's, that on 3-4-2019, c⊅ #815-018. he went back in front of the parole Board, the Board member (Alfredo pena), who "granted," the Applicant, (parole) on 3-5-2018, c⊅ #813-354, Applicant's parole Action sheet, will show that he was granted, 5, year's of parole, with a release date; of July, 12th 2018, "Hence," the Liberty Interest, (argument) again parole Board member, Alfredo pena, "omitted," why the Applicant, was in Front of him after he granted him parole, the "deferment," that the Applicant received by this Board is in "direct," ~~violation(s)~~ of the (Ex post facto Laws, co-const, Art, II, §11); and the united states constitutional, (Ex post Facto Law's), see, Article, 1, section 9 and

(4).

( c. statement of claim's),

10, OF U.S, constitution prohibits such Laws, 171 S, W. 2d 880; 3 U.S. const, Art, 1, sec, 9 ct.3 and 10.  the (deferment) oF ___5___ years, by the parole Board on 3-4-2019, parole Action Sheet # 815-018, Was and is in direct violation with house-bill, 2017 colo. 1326, "For any offender who is incarcerated for an offense committed "Prior." to July, 1 st, 1993, upon application for parole, the state Board of parole working in conjunction with the department and useing the guidelines. established pursuant to section c.R.s,$_s$ 17-22.5-404, "shall," determine, Whether or Not to grant parole and if granted the length of the. period of parole the State Board of parole, may set the length of the period of parole for any time period up to the date of final dis-charge as determined in accordance

(c. Statement of claim's)

With Section, c.R.s, §17-22,5-402, if tha an-
application for parole is refused by the
state Board of parole, the state Board of
parole "shall," reconsider within (one year)
there after whether such inmate should be
granted parole, the State Board of parole,
"shall," continue such reconsideration,
(each-year), there after until such Inmate
is granted parole or until such Inmate,
is dis-charged pursuant to Law," also, see,
mittimus es, of 1990 and Re-issued mittimus
of 2009, (crime of violence, c.R.s, §16-11-309,);
conviction was ~~wacated~~ "vacated." Applicant, states
that for over 3 years, the chairperson, of the
parole Board, Kristen Hilkey, et al, has Refused
to answer the Applicant's, appeales and

(c. Statement of claim's)

legal letter's, C.R.S. 17-2-201(9)(c), the Applicant
still doesn't know, what this "Extremely unfavorable,
confidential Information," is, that was used
to suspend is parole, the Applicant is "Not"
faceing any type of Felony charges, in any
state, his Former, case manager, mary Buchanan,
did inform the Applicant, that the Nebraska
associate-press, wanted to interview him
about (Allegation's) being made by another
Inmate in the Nebraska prison system, makeing
"(False and Slanderous) claim's, that the
Applicant, was the person who committed,
the crimes for which he was in prison for,
See, Supplement motion's, Filed with the Supreme
court, case#2020SA203, these claims, have been
proven to be False, by the Nebraska court's,
this man, has been Blameing any one that
he can, he used my Name in different

(c, statement of claim's),

News outletes, so this person and his attornies "forfeited", any confidential, Rights, to these false and slanderous, claim's, see, c.R.S.§17-2-201(8),

"the Board has the power, in the performance of official duties, to issue warrants and subpoenas, to compel the attendance of witnesses and the production of Books, papers, and other documents (pertinent to the subject of it's inquiry, and to administer oaths, and take the testimony of person under oath" (the parole Board must act within scope of delegated authority) see, Belveal V. Bray, 253 F. Supp. 606 (D. colo, 1966).

an Inmate has a substantial interest in knowing the reason or reasons from the Board for denial of parole, see, Johnson v. Heggie, 362 F.Supp. 851 (D. colo. 1973).

**D.      PRIOR APPLICATIONS**

Have you ever filed a lawsuit, other than this lawsuit, in any federal court in which you raised or could have raised the claim(s) raised in this action? ___ Yes ✗ No (*check one*).

*If your answer is "Yes," complete this section of the form. If you have filed more than one prior application, use additional paper to provide the requested information for each prior application. Please indicate that additional paper is attached and label the additional pages regarding previous lawsuits as "D. PRIOR APPLICATIONS."*

Name and location of court:                    N/A

Case number:                                   N/A

Type of proceeding:                            N/A

List the claim(s) raised:                      N/A

Date and result: (Attach a copy of             N/A
the decision if available)

Result on appeal, if appealed:                 N/A

**E.      ADMINISTRATIVE REMEDIES**

*WARNING: You must exhaust administrative and/or state remedies before filing an action in federal court pursuant to 28 U.S.C. § 2241. Your case may be dismissed if you have not exhausted administrative and/or state remedies. If additional space is needed to explain exhaustion, use extra paper to do so. Please indicate that additional paper is attached and label the additional pages regarding exhaustion as "E. ADMINISTRATIVE REMEDIES."*

Explain the steps you have taken to exhaust administrative and/or state remedies:

(1). Applicant, states, that there is "No." appeal form's to file in D.O.C. but the Applicant Followed the only process afforded to him under, C.R.S. § 17-2-201(9)(c). he also written "Numerall's," letteres, to both the Respondent(s), facility warden, the CDoc, executive Director/inspector General's office.

3

**F.    REQUEST FOR RELIEF**

*State the relief you are requesting or what you want the court to do.  If additional space is needed to identify the relief you are requesting, use extra paper to request relief.  Please indicate that additional paper is attached and label the additional pages regarding relief as "F. REQUEST FOR RELIEF."*

(1). Denial; of Due-Process (Liberty Interest)
   under the Fifth and Fourteenth, Amendmenes,

(2). Violation's of Ex Post Facto, provision(s).

(3). Violation of Eighth Amendment, Abuse
   of Discretion.

(4). the Supreme court Erred in not making findings,
   With Respect to the motion, case # 2020 SA 203,

**G.    APPLICANT'S SIGNATURE**

I declare under penalty of perjury that I am the applicant in this action, that I have read this application, and that the information in this application is true and correct.  *See* 28 U.S.C. § 1746; 18 U.S.C. § 1621.

Under Federal Rule of Civil Procedure 11, by signing below, I also certify to the best of my knowledge, information, and belief that this application: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending or modifying existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the application otherwise complies with the requirements of Rule 11.

*John R. Yellow Bay*
(Applicant's signature)

X 3-3-2021
(Date)

(Form Revised December 2017)

4

"F. Request for Relief;"
in conclusion; Applicant states that this
court has the legal Jurisdiction to order
that a hearing be set to (Resolve) what
this "Extremely unfavorable confidential
Information." (is), that the Respondents,
have used to Justify, violateing all the
Applicant's Due-process, Rights, under these,
special circumstances, that the Applicant
had to file this motion under (duress), he
request that this court appoint counsel,
Applicant, ask that his parole, that was
(Granted) to him along with his Release
date be Re-instated, and that the 3, years,
of Earned-time c.R.s. §17-22.5-302(1).(1.5).(a),
that he Earned, be awarded to his parole
from the date: 3-5-2018, that it was illegally
suspended, also that all filings/evidence
of merit (Prima-facie) be Reviewed in it's
Entirety, since "No" fileings have been done
by the Respondents, the Applicant, does not
know if this confidential information, is criminal
or civil.

Certificate of service,

I, hereby certify that a true and correct copy of the (Habeas-corpus), was placed in the united states, mail properly address, postage prepaid to each of the following on this date; March-3rd, 2021.

Clerk of the court.
Alfred A. Arraj united states courthouse,
901 19th Street, Room-A105,
Denver, colo.    80294-3598.

office of Attorney General, civil Appeals
Ralph L. carr colorado Judicial center,
1300 Broadway 10th Floor.
Denver, colo.
                80203.
counse of Record.

Kristen Hilkey, chairperson,
colorado Board of Parole.
1600 W. 24th Street, Building-54,
Pueblo, colo,    81003.

Respectfully
John R. Yellow Boy
pro, se,

# NOTICE OF COLORADO PAROLE BOARD ACTION – RELEASE/CONDITIONAL DISCRETIONARY RELEASE

| ☑ Full Board Review | ☐ Amend | DOC# 62338 | Date 03/05/2018 | Tape No. 813354 |
|---|---|---|---|---|
| | | Location FREMONT | Sent Type DISCRETIONARY | |

| Name  YELLOWBOY, JOHN | EST PED        MRD  12/26/2016 | EST SDD  02/18/2048 |
|---|---|---|

| OFFENSE | CLS | GOV | COUNTY | CASE # | SENTENCE | TYPE | SVP |
|---|---|---|---|---|---|---|---|
| 1. KDNP2ND SA | 2 | B | LARIMER | 89CR802 | MIN: 48-00-00 MAX: 48-00-00 | IN | N |
| 2. ROBB | 4 | B | LARIMER | 89CR802 | MIN: 16-00-00 MAX: 16-00-00 | IN | N |
| 3. ASLTMISD | 9 | | LARIMER | 89CR802 | MIN: 02-00-00 MAX: 02-00-00 | IN | N |
| 4. SXAS1ST | 3 | | LARIMER | 89CR802 | MIN: 32-00-00 MAX: 32-00-00 | IN | N |

*Pursuant to authorization of the Colorado State Board of Parole, adjustments will be made on qualifying MRD/MRP/PED releases if the release date falls on a weekend day (Fri-Sun) or on a State-recognized holiday.*

| ☑ RELEASE: ☑ Discretionary ☑ Remain report free/program compliant  Parole/Re-parole to: 1. NEBRASKA 2. LARIMER  Period of: 5 YEARS Effective Release Date: 07/12/2018 | ☐ CONDITIONAL DISCRETIONARY RELEASE |
|---|---|
| | Reasons | Requirements while CONDITIONAL DISCRETIONARY RELEASE: |

**RELEASE REASONS:**

**Risk Assessment**
☑ RT: Moderate

**Readiness Considerations**
☑ Adequate Community Support
☑ Adequate Institutional Conduct

**Release Pursuant to Colorado Revised Statutes**
☑ CRS 17-22.5-404(4) *(Parole Guidelines; HB10-1374)*

**RELEASE CONDITIONS:**

In addtion to CRS 17-2-201(5)(f)(I), the following **Special Conditions** are added:
☑ Drug/Alcohol Program: SOA-R/SUBSTANCE ABUSE ASSESSMENT AND TREATMENT AT ASSESSED LEVEL; UA/BAS AT CPO DISC
☑ Sex Offender Treatment: SO INTAKE,EVALUATION & TREATMENT @ DISCRETION OF SUPERVISION TEAM
☑ ISP 180 days @ CPO Discretion:
☑ If placed in a treatment program, COP bed, or transitional housing program, offenders must complete such program/placement successfully.

**Restitution Pursuant To HB17-1326:**

| County: | Mittimus: | Amount: |
|---|---|---|
| LARIMER | 89CR802 | $130.00 |

Payment Total: **$130**
☑ To be scheduled by the Parole Officer

## State Parole Board Signatures

The undersigned hereby certify that all, but not limited to, parole guidelines set forth in CRS 17-22.5-404(2),(3), and (4) were taken in to consideration as per statute. [The 2nd and/or additional signatures, if not actually present at the hearing, are signed indicating they 'reviewed' the action, pursuant to CRS 17-2-201(9)(a)(I)]

| 1) ALFREDO PENA | 5) BRANDON MATHEWS |
|---|---|
| 2) JOE MORALES | 6) JOHN O'DELL |
| 3) ALEXANDRA WALKER | 7) REBECCA OAKES |
| 4) DENISE BALAZIC | |

http://docweb/dop/pbb-an.php?sec=action_notice&docno=62338&applid=117329&name=YELLOWBOY%'2C%'20JOHN&view_by=release1

AR Form 550-08B (03/01/17)

## Request for Suspension of Parole Decision

TO:      Colorado State Board of Parole
FROM: Jennifer Wagoner
DATE:  3.30.18
RE:      Request for Suspension of Parole board Decision granting parole dated March 5 2018, of
           YELLOWBOY, JOHN   DOC # 62338.

_____   Parole was granted to a Detainer/Warrant and that Detainer/Warrant has since been canceled.

_____   A Detainer/Warrant has been received since parole was granted.

_____   The offender has been charged with or convicted of a Class I or II Disciplinary Code Violation, date_____
           20___ .

_____   An additional felony conviction has been received by the Department rendering the parole eligibility, on
           which the parole decision was based, moot.

_____   The pre-release plan that existed at the time of the Board's decision to parole is no longer acceptable.

_____   The offender's refusal to sign Parole Agreement/Waiver of Extradition.

_____   The offender's refusal to take antabuse or other medication as required.

_____   The offender's refusal to submit to tests as required for drug detection and/or sex offenders.

   X     Extremely unfavorable information or other circumstances of equal significance which has been received
           and verified that was not available at the time the decision to grant was rendered.  EXPLAIN:  (Unless
           Confidential) **EXTREMELY UNFAVORABLE CONFIDENTIAL INFORMATION**

_____

TELETYPE/VERBAL APPROVAL AUTHORITY: _____   4/5/.18

                                                    Name of Board Member              Date

                                    Signed: _____   3.30.18

                                                    Parole Board Administrator        Date

                                          Facility: Colorado Parole Board

DISTRIBUTION:
( ) Department File (Via Time/Release Operations)   ( ) Offender      ( ) Working File

Attachment B
Page 1 of 1

RKS 7/12/18



| DISTRICT COURT, FREMONT COUNTY, COLORADO<br>Court Address:<br>136 Justice Center Road, Canon City, CO, 81212 | |
|---|---|
| **Plaintiff(s)** JOHN R YELLOWBOY<br>v.<br>**Defendant(s)** KRISTEN HILKEY et al. | DATE FILED: May 26, 2019 |
| | ⚠ COURT USE ONLY ⚠ |
| | Case Number: 2019CV136<br>Division: 4        Courtroom: |

### Order Dismissing Petition

The motion/proposed order attached hereto: ACTION TAKEN.

Petitioner has filed for a Writ of Habeas Corpus. He complains that he is unlawfully detained because of defects in the parole revocation proceedings. That is not the proper subject of a habeas proceeding.

Habeas relief can only be granted when the Petitioner has no other remedy available at law. C.R.S. 13-45-101.

An appeal of a parole revocation can be brought to the Parole Board if it is brought within 30 days of the decision of the Parole Board. C.R.S. 17-2-201(9)(c).

In the event that remedy is no longer available to the Petitioner, the proper remedy is a complaint brought pursuant to Colorado Rules of Criminal Procedure Rule 35(c)(2) alleging that the sentence in the case has been fully served and his continued detention is unlawful. That motion, however must be brought in the Larimer County trial court that imposed the sentence and not in the form of habeas relief in the Fremont County District Court.

The Petition for a Writ of Habeas Corpus is dismissed because this Court has no subject matter jurisdiction for the complaint.

Issue Date: 5/26/2019

MICHAEL WILLIAM MEYRICK
Magistrate

1905260018 0052 4-10L

Received- 12-2-2020 

| | |
|---|---|
| Colorado Supreme Court<br>2 East 14th Avenue<br>Denver, CO 80203 | DATE FILED: November 25, 2020 |
| Appeal from the District Court,<br>Fremont County, 2019CV136 | |
| **Plaintiff-Appellant:**<br><br>John R. Yellowboy,<br><br>v.<br><br>**Defendants-Appellees:**<br><br>Executive Director of Parole and Kristen Hilkey. | Supreme Court Case No:<br>2020SA203 |
| ORDER OF COURT | |

Upon consideration of the Motion of Supplement and Appellant's follow-up letter filed in the above-captioned case, and being sufficiently advised in the premises,

IT IS ORDERED that the Motion of Supplement and the requests in the follow-up letter are DENIED.

Upon consideration of the Notice of Appeal, together with the brief, and the record filed herein, and now being sufficiently advised in the premises,

IT IS ORDERED that the decision of the Fremont County District Court is AFFIRMED.

BY THE COURT, EN BANC, NOVEMBER 25, 2020.

2011252029 1403 1-16-1005 2

| | |
|---|---|
| Colorado Supreme Court<br>2 East 14th Avenue<br>Denver, CO 80203 | DATE FILED: December 28, 2020 |
| Appeal from the District Court,<br>Fremont County, 2019CV136 | |
| **Plaintiff-Appellant:**<br><br>John R. Yellowboy,<br><br>**v.** | Supreme Court Case No:<br>2020SA203 |
| **Defendants-Appellees:**<br><br>Executive Director of Parole and Kristen Hilkey. | |
| ORDER OF COURT | |

Upon consideration of the Motion of Extraordinary Writ of Request for

Rehearing (En Banc) filed in the above cause, and now being sufficiently advised

in the premises,

IT IS ORDERED that said Motion shall be, and the same hereby is,

DENIED.


BY THE COURT, DECEMBER 28, 2020.

Filed in Scotts Bluff District Court
*** EFILED ***
Case Number: D21CR029000002
Transaction ID: 0011353104
Filing Date: 07/28/2020 10:45:45 AM MDT

IN THE DISTRICT COURT OF SCOTTS BLUFF COUNTY, NEBRASKA

| | | |
|---|---|---|
| STATE OF NEBRASKA, | ) | CASE NO.  CR02-9000002 |
| | ) | |
| Plaintiff, | ) | |
| | ) | **REQUEST TO CERTIFY AND TO** |
| | ) | **TAKE JUDICIAL NOTICE** |
| vs. | ) | |
| | ) | |
| JEFFREY BOPPRE, | ) | |
| Defendant. | ) | |

COMES NOW the Defendant, Jeff Boppre, by and through his attorney, Thomas Frerichs, and moves the court to certify and take judicial notice of the state's "MEMORANDUM BRIEF MOTION FOR NEW TRIAL EVIDENTIARY HEARING" which was emailed to the court and parties on April 30, 2020 which is attached to this motion and incorporated herein by reference.

In support of this motion, Defendant states and alleges as follows:

1.  Neb. Rev. Stat. 27-201 (4) states that "[A] judge or court shall take judicial notice if requested by a party and supplied with the necessary information." Neb. Rev. Stat. 27-201(2) "provides that we may take judicial notice of an adjudicative fact that is "not subject to reasonable dispute in that it is . . . capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." *Hagelstein v. Swift-Eckrich Div. of ConAgra*, 257 Neb. 312, 318, 597 N.W.2d 394 (1999). The Nebraska statute is based upon F.R.E. 201. *Id.*

2.  Judicial notice may be taken at any stage of the proceeding. Neb. Rev. Stat. 27-201 (6). "'Adjudicative facts' within the meaning of § 27-201 are simply the facts developed in a particular case, as distinguished from 'legislative facts,' which are

1

Alan Niemann was an eyewitness to the killing of Richard and heard the shots that killed Sharon Condon. He identified Boppre as the killer. He also testified about property taken from the house by himself and Boppre. Boppre bragged of getting $1700.

Cassi Bosworth testified she observed Boppre to have an estimated $700 when he got to Phoenix. Boppre financed the trip to Phoenix despite having very little money in his bank account.

Kenard Wasmer testified as to admissions made by Boppre that he killed Richard and Sharon.

Michael Neu testified about admissions Boppre made to killing Richard and Sharon while in the Scotts Bluff County jail.

The motive for the killing was robbery to obtain money and drugs. This was the same motive described by Ricky Zogg as he and Boppre had schemed to kill and rob Richard prior to the actual murders. Jeff Boppre possessed a substantial amount of cash after the killings.

When you assess the trial evidence, the Sheila Janis "new evidence" known in 1992 does not change the outcome of this trial.

Boppre claims there is new evidence of slicing wounds to Richard's neck that would change the outcome of the trial. He claims these injuries were not previously known. This assertion is not accurate. Dr. Ronald Blevins was performed the autopsy on Richard Valdez and testified at trial. He described injuries observed on Richard's body which included the thin cuts to Richard's neck, Exhibit 598, Volume 3,678: 9-25; exhibit 58 found in Exhibit 598 of the trial record. There were two superficial slicing injuries on the left side of Richard's neck. Dr. Blevins opined that these injuries were from a thin sharp object and not caused by gunshots. He again described these injuries on cross examination, Exhibit 598, Volume 3, 693:21-25. The injuries were described as long, linear, superficial, and caused by "something quite sharp and something quite narrow". The thin bladed cuts to Richard Valdez were known at the time of trial, were presented to the jury. Photographs are cumulative to the testimony. Cumulative evidence is not newly discovered evidence, State v. Munson, 204 Neb. 814 (1979). The introduction of photographs would not have change the outcome of the trial.

John Yellow Boy's criminal history and subsequent criminal activity after the trial is not admissible. The evidence may show a propensity for violence but, propensity

14

evidence is not admissible as evidence under Neb. Rev. Stat. 27-404. Additionally, the persuasive evidence of the identity of the killer is outlined above. This specific evidence is much more persuasive than evidence that Yellow Boy could be violent. The trial outcome would not change.

Claim 2: Modern photographs prove the gun recovered from the mud in New Mexico was not the same gun examined by the trial experts.

Boppre alleges that newly discovered photographs, a NCIC entry and Morrill County jail admission records support this claim.

Photographs of the weapon were introduced at trial and can be found in Exhibit 598, Volume 7. Trial exhibit 36 is a photograph of the weapon taken shortly after it was removed from the mud hole. Trial exhibit 44 is a photograph of an identical gun to that purchase by Jeff Boppre from Mr. Gall. Trial exhibit 45 is a photograph of the recovered gun after being cleaned up. Two experts personally examined the recovered gun and testified at trial. Mark Bohaty testified as an expert called by the State. Doug Caywood was the firearm expert called by the defense. The photographs introduced at trial offer the same opportunity for comparison as the "new" overlay photographs. Mr. Caywood is a qualified firearms expert. He did not detect an issue that the recovered firearm did not possess a magazine release. Trial Exhibits 33 and 45 shows the cleaned up recovered gun with the magazine release. If this was an issue, it could have been discovered during the examination by Mr. Caywood.

Boppre claims that new photographic evidence casts doubt on witness testimony at trial of the trip to New Mexico to look for the murder weapon. He claims that photographs taken in New Mexico show only one vehicle along the roadside when the witnesses at trial testified to taking two cars with Niemann and Wasmer riding in separate vehicles. The "new photos" depict the three investigators, Alan Niemann and Kenard Wasmer at the recovery site. This is consistent with the trial testimony. The photographs showing a single car parked on the shoulder does not contradict the trial testimony. The photographer is likely in the second car when the photographs were taken. This claim is nothing more than an attempt to attack the credibility of trial witnesses. This is not rise to level of newly discovered evidence, State v. Munson 204 Neb. 814 (1979).

The Morrill County jail record indicating Alan Niemann was admitted to the facility on the morning of October 13, 1988 is not an affidavit, deposition or oral testimony. There is no doubt the trip to New Mexico happened. There is both testimony and photographic evidence of the discovery of the gun. The date on the record may simply be an error by a jailer. This evidence was available prior to trial and could have been

15

Claim 12:  Len Tabor conflict of interest

The claim is that Len Tabor had a conflict of interest as he represented Michael Neu who testified as a witness for the State. This is not newly discovered evidence as this was known prior to trial. There is no allegation of new evidence that would benefit Boppre that resulted from alleged conflict. Boppre's allegations is really a claim he was denied the effective assistance of counsel, a denial of a constitutional right that is raised by filing a Motion for Post-Conviction Relief.

Conclusion

Boppre's Motion is not timely filed under the statute existing at the time of his conviction. The state requests that the Court find that the 2015 amendment was a procedural change and not to be retroactively applied. As a result, the First Amended Motion for New Trial should be dismissed.

There is overwhelming evidence proving that Jeff Boppre is the killer of Richard Valdez and Sharon Condon. Shell casings and bullets from Boppre's gun, the dying declaration, Boppre's statements made to Niemann, Wasmer and Michael Neu, prior aborted attempts by Jeff Boppre to kill Richard Valdez and being in possession of a substantial amount of cash after the killings all point to Jeff Boppre. Boppre was aware of the checkpoint on the New Mexico/Arizona border and he hatched up the idea to get rid of the gun before leaving New Mexico. None of the claimed "new' evidence when inserted into the trial would change the verdict. The State requests that the First Amended Motion for New Trial be dismissed without a hearing.

> Douglas L. Warner, #15783
> Special Deputy Scotts Bluff County Attorney
> Assistant Attorney General
> Nebraska Department of Justice
> 4500 Ave I
> Scottsbluff, NE  69361
> (308) 672-1283

A copy of this Memorandum was emailed to Judge Andrea Miller and to Thomas Frerichs at tfrerichs@frerichslaw.com and to Bell Island at bisland@bellislandlaw.com on April 30, 2020 by the undersigned.

> Douglas Warner

22

Attachment A-022

Colorado Department of Corrections

Name John R. Yellowboy

Register # 62338

Unit 7

Box # 999

City, State, Zip Canon City, Colo.
81215.

Clerk of the Court

Alfred A. Arraj United States Courthouse

901 19th Street, Room - A105

Denver, Colorado, 80294-3589,

Yellowboy

neopost
03/04/2021
US POSTAGE
$02.05º
ZIP 81212
041L11241745

